UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL E. DURKIN, *Trustee for Bankruptcy Estate of Debtor Ralph E. Parkhurst, III*<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>Defendant | CIVIL ACTION NO. 4:23-CV-00721<br><br>(MEHALCHICK, J.) |

# MEMORANDUM

Plaintiff Jill E. Durkin ("Plaintiff") initiated this action as the Trustee for the Bankruptcy Estate of Debtor Ralph E. Parkhurst III ("Ralph Parkhurst") by filing a complaint in the Court of Common Pleas for Bradford County on March 29, 2023. (Doc. 1-2). Therein she alleges claims against Defendant insurance company State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 1-2). On May 1, 2023, the action was removed to this Court. (Doc. 1). On February 15, 2024, this case was assigned to the undersigned. Now before the Court is a motion for summary judgment filed by State Farm. (Doc. 12). For The following reasons, State Farm's motion will be **GRANTED**. (Doc. 12).

## I.   BACKGROUND

The following factual summary is taken from State Farm's Statement of Facts and Plaintiff's responses thereto.[1] (Doc. 14; Doc. 19; Doc. 21; Doc. 27; Doc. 37; Doc. 38). This

---

[1] On December 18, 2024, the Court directed the parties to refile their Exhibits in accordance with the Local Rules. (Doc. 36). The parties subsequently refiled their exhibits. (Doc. 37; Doc. 38). However, the Court notes that in doing so, Plaintiff's counsel still failed to attach a table of contents. (Doc. 37).

case stems from a motor vehicle accident that occurred on July 18, 2015. (Doc. 14, ¶¶ 2-3; Doc. 19, ¶¶ 2-3; Doc. 38-1; Doc. 38-2). The accident resulted in severe bodily injuries and involved a vehicle insured by State Farm under an automobile policy held by Ralph Parkhurst. (Doc. 14, ¶¶ 2-3; Doc. 21, ¶¶ 1-2; Doc. 38-1; Doc. 38-2). At the time of the accident, Ralph Parkhurst's son Kevin Parkhurst ("Kevin") was driving the vehicle with Ralph Parkhurst's consent. (Doc. 14, ¶ 9; Doc. 21-2, ¶ 4; Doc. 38-1, ¶¶ 14, 16). Ralph Parkhurst was seated in the passenger seat. (Doc. 21, ¶ 2; Doc. 37-1). This case has resulted from State Farm's denial of coverage to Ralph Parkhurst for the accident. (Doc. 1; Doc. 1-2; Doc. 14; Doc. 21; Doc. 21-1; Doc. 21-2, ¶¶ 15-17; Doc. 38-1; Doc. 38-3, at 2-4).

State Farm denied Ralph Parkhurst coverage due to a previously agreed upon Driver Exclusion Agreement ("the Exclusion Agreement"). (Doc. 38-3). Prior to the accident, on or about September 9, 2009, Ralph Parkhurst executed the Exclusion Agreement at the request of State Farm.[2] (Doc. 14, ¶¶ 4-6; Doc. 38-3, at 1; Doc. 38-3). State Farm requested the Exclusion Agreement which excluded Kevin from coverage under Ralph Parkhurst's policy because of his driving record, and more specifically, because Kevin's driver's license had

---

[2] Plaintiff denies that State Farm requested the Exclusion Agreement, arguing "State Farm's assertion here completely ignores the material, factual disputes; Defendant ignores the critical timeline required to understand and analyze this lawsuit." (Doc. 19, ¶ 5). Plaintiff cites to an Exhibit D to support her proposition that "[i]t was totally unknown whether the exclusion was initiated by named insured Ralph Parkhurst and/or by State Farm Agent acting on behalf of Ralph Parkhurst to lower premiums." (Doc. 19, at 2). As it stands, the only clearly labeled "Exhibit D" filed by Plaintiff was filed in January at the request of the Court and is an expert report that does not create a question of fact surrounding who requested the exclusion. (Doc. 37-3). While the report does contain the following footnote: "I [the expert] note that the State Farm claims file indicates that as of July 2021, State Farm had not determined why the State Farm Policy Driver Exclusion was requested, or who made the request. [State Farm Claim File pages 39-40]," it does not account for the internal emails submitted by State Farm which do, unlike that the expert suggests, shed light on to why the exclusion was requested. (Doc. 37-3, at 13; Doc. 38-3, at 5). The expert report also does not account for State Farm's affidavit. (Doc. 27-1 Doc. 37-3).

2

previously been suspended. (Doc. 38-3, at 5). As noted by State Farm, a suspended license is a "valid reason to request a driver exclusion in Pennsylvania." (Doc. 38-3, at 5).

On or about April 5, 2023, Plaintiff filed the instant lawsuit in the Court of Common Pleas of Bradford Count. (Doc. 1; Doc. 14, ¶ 1; Doc. 19, ¶ 1; Doc. 38-1). Plaintiff seeks damages for a breach of contract and a bad faith claim. (Doc. 1-2). The case was timely removed the United States District Court for the Middle District of Pennsylvania. (Doc. 1; Doc. 14, ¶ 1).

On May 6, 2024, State Farm filed the instant motion for summary judgment, statement of facts, and brief in support. (Doc. 12; Doc. 13; Doc. 14). On June 17, 2024, Plaintiff filed an affidavit in opposition, an answer to State Farm's statement of facts, a brief in opposition, and a statement of facts. (Doc. 18; Doc. 19; Doc. 20; Doc. 21). On July 15, 2024, State Farm filed a reply brief and an answer to Plaintiff's statement of facts. (Doc. 26; Doc. 27). On July 17, 2024, Plaintiff filed a request for oral argument. (Doc. 28). Oral argument was subsequently held on October 1, 2024. Accordingly, the instant motion is ripe and ready for discussion.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the

3

non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. *Morrison v. United States*, No. 1:20-CV-01571, 2021 WL 4192086, at *3 (M.D. Pa. Sept. 15, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants")).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes

such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

III.    DISCUSSION

State Farm moves for summary judgment on Plaintiff's breach of contract and bad faith claims. (Doc. 13, at 7). Plaintiff argues against summary judgment, citing questions of fact and asserting that "[b]ecause Defendant State Farm breached its insurance contract with its named insured, Defendant's Motion for Summary Judgment on [their Breach of Contract Claim] should be denied." (Doc. 20, at 2). Plaintiff also contends that she has met her burden as to her bad faith claims, and "[s]ince State Farm has not argued for dismissal of Plaintiff's claim for common law bad faith, that claim must proceed to trial." (Doc. 20, at 7). In its reply brief, State Farm reasserts that Plaintiff's breach of contract claim has no merits under the

terms of Ralph Parkhurts's policy and clarifies that it seeks dismissal of Plaintiff's bad faith claim in its entirety. (Doc. 26, at 2, 4). The Court will address each argument in turn.

    A.    PLAINTIFF'S BREACH OF CONTRACT CLAIM

Plaintiff's breach of contract claim originates from Ralph Parkhurst's insurance policy with State Farm. The parties dispute whether Kevin was lawfully excluded under the policy and thus Ralph Parkhurst rightfully denied coverage. (Doc. 13, at 8-9; Doc. 20). State Farm asserts that Plaintiff's breach of contract claim should be dismissed because "there is no question that Ralph Parkhurst agreed to exclude Kevin Parkhurst from coverage at the request of State Farm." (Doc. 13, at 8). State Farm further asserts that this exclusion from coverage is permissible under Pennsylvania law, specifically, 75 Pa C.S. §1718(c). (Doc. 13, at 9). Plaintiff disagrees, claiming that there remains a question of material fact as to whether "the Kevin Parkhurst exclusion was initiated by [State Farm] as the insurer." (Doc. 20, at 2). As Plaintiff sees it, "if the exclusion was requested by the policyholder Ralph Parkhurst, then the exclusion was invalid (because the excluded named driver, Kevin Parkhurst, had no other insurance, under Pennsylvania's MVFRL § 1718 (c)(2) he could not be excluded)." (Doc. 20, at 3). In response, State Farm asserts that it requested the exclusion and points out that Plaintiff's counsel never previously questioned "who requested the exclusion before State Farm filed the present motion for summary judgment." (Doc. 26, at 1-2).

First, the Court looks to the plain language of Ralph Parkhurst's policy to determine whether Kevin was lawfully excluded. The policy includes the following Exclusion Agreement which was executed in 2009:

> IN CONSIDERATION OF THE PREMIUM AGREED FOR YOUR POLICY IT IS AGREED WE SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR BODILY INJURY, LOSS OR DAMAGE UNDER ANY OF THE

>COVERAGES OF THIS POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY KEVIN PARKHURST.
>
>(Doc. 14-1, at 135; Doc. 38-3, at 1).

The Exclusion Agreement remained in place up until the date of the accident in 2015. (Doc. 14; Doc. 38-3). While Plaintiff does not dispute that the exclusion exists, she maintains that if the exclusion was requested by the Ralph Parkhurst, it would be invalid under 75 Pa. C.S.A. §1718(c)(2). However, she fails to introduce any evidence that Ralph Parkhurst requested the exclusion, including even an affidavit to that effect. Indeed, 75 Pa. C.S.A. §1718(c)(2) requires that, for a first named insured individual to exclude another on their policy, the other person must be "insured on another policy of motor vehicle liability insurance." However, the provision does not apply to the insurer itself. 75 Pa. C.S.A. §1718(c)(2). State Farm, as the insurer, has introduced its own affidavit supporting it was the entity that requested the exclusion. (Doc. 26, at 1-2). Therein, Aimee Carr, Senior Auto Underwriter for State Farm provides that "State Farm Mutual Automobile Insurance Company requested that Kevin Parkhurst be excluded under the policy of insurance issued to Ralph Parkhurst," "due to his driver's license being suspended, effective August 19, 2009." (Doc. 27-1, ¶¶ 3, 4). State Farm has also submitted various internal documents, including an email from Aimee Carr to another State Farm employee, which documents State Farm's request to execute the exclusion. (Doc. 38-3, at 3-4, 5). In the email, Ms. Carr explains that "we requested the exclusion," due to Kevin having a suspended license, which "is a valid reason to request a driver exclusion in Pennsylvania." (Doc. 38, at 5-6). Even Plaintiff's submissions suggest that State Farm requested the exclusion. In Plaintiff's Exhibit C, which State Farm refers to in their own exhibit list as "State Farm claim activity log excerpts," there is a note that Ralph Parkhurst's State Farm Agent Bob Hugo advised that it is State Farm that typically requests

exclusions. (Doc. 21-3, at 3; Doc. 38, ¶ 4). Because Plaintiff has failed to introduce any evidence into the record that challenges the affidavit or internal email, despite having ample opportunity to do so, the Court finds no reasonable fact finder could not find State Farm did not request the exclusion. It is thus lawful under Pennsylvania law.

As Kevin was lawfully excluded from the policy, State Farm acted appropriately in denying coverage to Ralph Parkhurst for the accident in question. Accordingly, this Court will **GRANT** State Farm's motion as to Count I of the complaint, Plaintiff's breach of contract claim. (Doc. 1-2, at 13-14; Doc. 12). Plaintiff's breach of contract claim is hereby **DISMISSED** with prejudice. (Doc. 1-2, at 13-14).

      B.      PLAINTIFF'S INSURANCE BAD FAITH CLAIM

State Farm asserts that Plaintiff's claim for insurance bad faith must be dismissed because she has failed to produce evidence in support of her claim. (Doc. 13, at 12). Additionally, State Farm contends that because Plaintiff's breach of contract fails, she cannot sustain her claim for bad faith, as there must be a predicate contract claim for a bad faith claim to survive. (Doc. 13, at 14). In response to these arguments, Plaintiff argues that her bad faith claim survives because the record demonstrates "State Farm conducted a cursory review of the Ralph Parkhurst claim and reflexively denied coverage within one day. State Farm's investigation was inadequate, and State Farm failed to conduct any research on applicable state law's effect on its purported exclusion." (Doc. 20, at 8). Plaintiff also avers that because State Farm has failed to argue that her common law bad faith claim must be dismissed, it has forfeited that argument. (Doc. 20, at 7, 11). Further, Plaintiff contends that State Farm inaccurately concludes that a bad faith count claim cannot stand alone. (Doc. 20, at 7, 11).

Pennsylvania's bad faith statute provides a private cause of action against insurance companies for bad faith denials of insurance coverage. 42 Pa. C.S.A. § 8371. A successful

8

§8371 bad faith claim permits an award of interest on the amount of the insurance claim, punitive damages, and costs and attorneys' fees. "[A]ny frivolous or unfounded refusal to pay proceeds of a policy" constitutes bad faith. *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (*citing Terletsky v. Prudential Property and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citation omitted)). To prove a bad faith claim, the insured must show by clear and convincing evidence that: (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the insured's claim. *Wolfe,* 790 F.3d at 498 (*citing Terletsky*, 649 A.2d at 688). Evidence of an insurer's self-interest and ill-will is probative of the second prong in this analysis, but not required. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377–78, 2017 WL 4296351, at *11 (Pa. 2017).

  The record reflects that State Farm denied Ralph Parkhurst's claim because of the Exclusion Agreement. (Doc. 14-1, at 135). Plaintiff has failed to cite any clear or convincing evidence that State Farm did not have a reasonable basis for denial coverage or that State Farm knew or recklessly disregarded Ralph Parkhurst's claim. *See Wolfe,* 790 F.3d at 498. Furthermore, because this Court has dismissed Plaintiff's contract claim, there is no requisite predicate claim in this action to which Plaintiff's bad faith claim may attach. "[I]nstead of creating a cause of action for bad faith conduct that can exist in a vacuum, the Pennsylvania legislature provided an insured with additional remedies upon a finding of bad faith made in a predicate action under an insurance policy." *Polselli v. Nationwide Mut. Fire Ins. Co.*, 126 F.3d 524, 530 (3d Cir. 1997). The Third Circuit has clarified, "[o]f course, an insured may list the section 8371 cause of action and the contract cause of action as separate counts in the same complaint." *Polselli*, 126 F.3d at 530. However, "determination of bad faith is merely an

additional finding to be made in a predicate action arising under an insurance policy. Absent a predicate action to enforce some right under an insurance policy, an insured may not sue an insurer for bad faith conduct in the abstract." *Polselli*, 126 F.3d at 530. Here, the dismissal of Plaintiff's breach of contract claim does just that, renders Plaintiff's bad faith claim in the abstract. Thus, "the court's dismissal of the breach of contract claim removes the predicate cause of action otherwise required to accompany the section 8371 claim." *Nye v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-01029, 2022 WL 969620, at *4 (M.D. Pa. Mar. 30, 2022).

As for Plaintiff's common law bad faith claim, Pennsylvania courts have held that "the common law duty of good faith and fair dealing is implied in every contract." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 529 (E.D. Pa. 2013) (citing *Excelsior Ins. Co. v. Incredibly Edible Delites*, No. 09-3198, 2009 WL 5092613, at *3 (E.D. Pa. Dec. 17, 2009)). Operating from that premise, courts have consistently concluded that a plaintiff cannot bring a freestanding common law bad faith claim and a separate breach of contract claim, as the former is subsumed within the latter. See *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 558-559 (E.D. Pa. 2019); *Blackwell v. Allstate Ins. Co.*, No. 14-878, 2014 WL 4375592, at *4 (E.D. Pa. Sept. 3, 2014); *Zeglen v. Nw. Mut. Life Ins. Co.*, No. 14-173, 2014 WL 4215531, at *3 (M.D. Pa. Aug. 25, 2014) (citation omitted); see also *Tubman*, 943 F. Supp. 2d at 529; *Fingles v. Cont'l Cas. Co.*, No. 08-5943, 2010 WL 1718289, at *3-4 (E.D. Pa. Apr. 28, 2010). Accordingly, again, to the extent that Plaintiff asserts a common law bad faith claim, because Plaintiff's breach of contract claim is to be dismissed, her common law bad faith claim must also be **DISMISSED**. (Doc. 1-2, at 16-19). State Farm's motion for summary judgment on Plaintiff's bad faith claims is therefore **GRANTED**. (Doc. 1-2, at 16-19; Doc. 12).

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that State Farm's motion for summary judgment is **GRANTED.** (Doc. 12). Plaintiff's breach of contract and bad faiths are to be **DISMISSED with prejudice**. (Doc. 1-2). Judgment shall be rendered in State Farm's favor. The Clerk is advised to **CLOSE** this case.

An appropriate Order follows.

**Dated: February 11, 2025**                **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**